IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED SECURITY HEALTH AND
CASUALTY INSURANCE COMPANY                                              PLAINTIFF

vs.                              No. 4:21-cv-262-JM

LASHONDA HARRIS, et al.                                                DEFENDANTS

ORDER

This is an insurance coverage case. Plaintiff United Security Health and Casualty Insurance Company ("United Security") seeks a declaration that the automobile policy it issued to its insured Defendant LaShonda Harris ("Harris") does not provide coverage for an accident that occurred when her car was being driven by Defendant Windel Steve Davis, Jr. ("Davis"). United Security also seeks a declaration that it has no duty to defend in the underlying state court action brought by Defendant Erika Brown-Killian ("Brown-Killian") on behalf of herself and her four-year old son, both of whom suffered injuries in that accident. Pending are Plaintiff's motion for summary judgment and Brown-Killian's motion to dismiss. (Doc. Nos. 19, 31).

Motion to Dismiss

The Court will first take up Brown-Killian's motion to dismiss as it challenges this Court's subject matter jurisdiction. In her motion, Brown-Killian argues that the Court lacks jurisdiction because Plaintiff has not established that the amount in controversy exceeds $75,000 as required for diversity jurisdiction cases pursuant to 42 U.S.C. § 1332(a). When a defendant challenges the alleged amount in controversy, a plaintiff must establish jurisdiction by a preponderance of the evidence. *Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002).

Killian-Brown is incorrect that the amount in controversy is limited to the face amount of the policy, which in this case is $75,000. "In a declaratory judgment action such as this one,

wherein an insurer sues an insured to determine its obligation to defend and indemnify, the amount in controversy ... ordinarily equals the probable costs of defense and indemnification of the underlying litigation less any applicable deductible." *Am. Fam. Mut. Ins. Co. v. Vein Centers for Excellence, Inc.*, 912 F.3d 1076, 1081 (8th Cir. 2019) (quoting *Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC*, 620 F.3d 926, 932 (8th Cir. 2010). Plaintiff has established, and Killian-Brown does not dispute, that the amount sought in the underlying action exceeds $75,000. Plaintiff has also established that it has already incurred $8,351.82 in costs to defend in the underlying action as of January 18, 2022 and that it anticipates the cost of continued defense to exceed $25,000.

Plaintiff has met its burden of proving by a preponderance of the evidence that the probable costs of defense and indemnification in the underlaying state court action exceed $75,000. The Court is satisfied that is has subject matter jurisdiction over this controversy, and the motion to dismiss is denied.

## Motion for Summary Judgment

Plaintiff makes two arguments in support of its motion for summary judgment. The first is that Davis, the driver of the covered vehicle, was not an insured person under the policy because he did not have express permission of the insured, LaShonda Harris, to be driving the vehicle. Second, Plaintiff argues that it has no duty to defend or indemnify under the policy because of this lack of expressed consent and also because Davis could not have had a reasonable belief that he was entitled to use the covered vehicle.

Background facts.  On August 24, 2020, Davis was driving the vehicle owned by LaShonda Harris and insured by United Security when he crossed into the lane of travel and struck the vehicle driven by Killian-Brown in which her son was a passenger. Davis has

admitted that he left the scene of the accident because he did not have valid driver's license, which had been suspended for several years.

The automobile liability policy issued by United Security names Harris as the sole named insured, the sole driver, and the sole household resident. In a recorded statement given to United Security following the accident, Harris stated that she had bought the car from her niece two days earlier, that the car needed some work and was still at her niece's house, that her niece dated Davis,[1] and that she never gave Davis permission to drive her vehicle at any time. (Doc. No. 23-1).

In a recorded police interview, Davis stated that he had been walking around in a Little Rock neighborhood when he was picked up by a friend. It is not clear to the Court who the friend was. Davis stated that "LaShonda Sims is what she told me her name was." (Doc. No. 23-2, p. 4). In her response, Killian-Brown assumes that it was LaShonda *Harris* that picked up Davis. United Security does not challenge that assumption in its reply, and the Court will view this evidence most favorably to Killian-Brown and analyze the motion on the assumption that Harris was the friend who picked Davis up.

Shortly after Davis was picked up by Harris, the car "cut out" and Harris gave him the keys, told him to lock up the car, and said that she would be right back. Harris then got picked up by her cousin about ten minutes later and left. Davis said Harris gave him the keys "because I told her I had to use the bathroom. She said, lock the car up and just keep an eye on it." (Doc. No. 23-2, p. 5). According to Davis, Harris said her brother was supposed to come fix the car. The record does not contain evidence of what happened between the time that Davis was given

---

[1] At one point in her recorded statement Harris stated it was her cousin Shameeka who dated Davis. It is not material whether it was her niece or her cousin.

3

the keys and the time of the accident.

The policy at issue defines "insured person" as being the insured, a family member, "or any other person using your covered auto to whom the named insured has given <u>expressed permission</u>, provided the use is within the scope of such permission." (Doc. No. 1, p. 15) (emphasis added). The policy also contains the following exclusion: "We do not provide Liability Coverage and we have no duty to settle or defend any claim or lawsuit . . . (5) [f]or bodily injury or property damage arising out of any person's use of a vehicle without the owner's <u>expressed permission</u> or outside the scope of that consent. … (20) For bodily injury or property damage arising out of the use by any person of a vehicle without the reasonable belief that the person is entitled to do so." (Doc. No. 1, pp. 15-16) (emphasis added).

<u>Summary Judgment Standard.</u>  Summary judgment is appropriate only when the evidence, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact and that the defendant is entitled to entry of judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The initial burden is on the moving party to demonstrate the absence of a genuine issue of material fact. *Celotex Corp.*, at 323. The burden then shifts to the nonmoving party to establish that there is a genuine issue to be determined at trial. *Prudential Ins. Co. v. Hinkel*, 121 F.3d 364, 366 (8th Cir. 1997).

<u>Analysis.</u>  Killian-Brown argues that there is a genuine issues of material fact as to whether Davis had permission to drive Harris's vehicle.  The uncontroverted evidence is that Davis did not have Harris's express permission.  Even without express permission, Killian-Brown argues that the fact that Harris handed Davis the car keys and left him with the vehicle creates a question of fact as to whether Davis implied permission to drive the vehicle.   Arkansas courts have found that "in order to create coverage under a liability policy, the necessary

4

permission from an insured to another person to drive a vehicle may be express or implied." *Travis v. S. Farm Bureau Cas. Ins. Co.*, 378 S.W.3d 786, 788 (2010) (citing *Ison v. Southern Farm Bureau Cas. Co.,* 221 S.W.3d 373 (2006)). However, the policy language in *Travis* and *Ison* did not specify that the permission had to be "expressed permission" as written in the United Security policy. "The language in an insurance policy is to be construed in its plain, ordinary, popular sense." *Spore v. GEICO Indem. Co.*, 497 S.W.3d 704, 709 (2016). Killian-Brown has offered no authority to support her argument that with this policy language, implied permission would bring the challenged vehicle use within the coverage of the policy. Therefore, even if there is a fact question as to whether Davis had implied permission to use the vehicle, that is not material to the coverage issue before the Court.

Killian-Brown argues that the Court would have to make impermissible credibility determinations to grant the motion for summary judgment. The Court disagrees. Plaintiff has put forth evidence that Davis did not have Harris's express consent to drive the insured vehicle. Killan-Brown has not come forward with any proof to create a question of fact on this issue. Even if Davis and Harris had a closer relationship that Harris admits, and whether or not Harris was in Memphis or Little Rock at the time of the accident, Killian-Brown introduced no evidence that could support a finding that Harris gave Davis express consent to drive her vehicle. Killian-Brown argued in her response filed on August 31, 2021 that the motion for summary judgment was premature as she had not had the benefit of adequate discovery, but she had not submitted any discovery or requested any depositions as of the hearing on this motion held on January 14, 2022. Under the plain language of the policy, Davis was not an insured person, there is no liability coverage, and Plaintiff has no duty to defend or to indemnify. Having found that the absence of express consent precludes coverage under the policy, the Court will not decide the

issue of whether Davis had a reasonable belief that he was entitled to use the covered vehicle.

THEREFORE, Defendant Killian-Brown's motion to dismiss (Doc. No. 31) is DENIED, and Plaintiff's motion for summary judgment (Doc. No. 19) is GRANTED.

IT IS SO ORDERED this 15th day of February, 2022.

_____
James M. Moody Jr.
United States District Judge